■ In the Matter of MICHAEL C., a Person Alleged to be a Juvenile Delinquent, Appellant.—Orders, Family Court, New York County, entered June 20, 1975, adjudicating respondent a juvenile delinquent and placing him with the New York State Division for Youth, Title III, unanimously reversed, on the law, the facts, and in the exercise of discretion and the matter remanded for a new dispositional hearing along with such other proceedings, if any, as the Family Court may deem appropriate, without costs and without disbursements. The court at the dispositional hearing continually curtailed testimony and refused repeated attempts of the Law Guardian to examine the respondent and his mother. We are dealing here with a dispositional hearing, and the ultimate decision reached therein by the Court must be based on a preponderance of the evidence (Family Ct. Act, § 745, subd [b]). The right of the juvenile to be heard and to present evidence germane to the outcome of that hearing has just recently been confirmed by our Court of Appeals (Matter of Cecilia R., 36 NY2d 317) and, to that end, we have remanded this matter for a new dispositional hearing in which that right can be vindicated. Concur—Stevens, P. J., Kupferman, Capozzoli, Lane and Nunez, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EMANUEL KITT, Appellant.—Judgment entered in the Supreme Court, New York County, on May 16, 1973 convicting defendant upon a jury verdict, of possession of a weapon as a felony and sentencing him to a maximum of seven years in prison, unanimously reversed, on the law and in the interest of justice, and case remanded for a new trial. The defendant was arrested with several other occupants of an automobile in which a gun was found. Defendant and the driver of the car were indicted and charged with felonious possession of the gun. At trial, counsel for the defendant sought an order from the court directing the production of one Charles Edwards, an inmate at Riker's Island, stating that Edwards would "admit actual possession of the gun." The People commendably concede that the defendant was wrongfully prevented from calling this purported exonerating witness, thus depriving him of a fair trial. We agree. If, as the defense expected, Edwards would testify that he was at all times the owner and in possession of the revolver, such testimony would serve to rebut the presumption that Kitt and the other occupants of the car likewise possessed the weapon found in the automobile (Penal Law, § 265.15, subd 3). We have examined the other points raised by defendant, including constitutionality of the cited Penal Law section and excessiveness of sentence and find them without merit. (Cf. People v Cruz, 34 NY2d 362; People v De Leon, 32 NY2d 944.) We reverse and remand for a new trial solely on the court's error in refusing a direction for the production of the witness, Charles Edwards, since in our opinion that error deprived appellant of a fair trial. Concur—Stevens, P. J., Kupferman, Capozzoli, Lane and Nunez, JJ.